IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DEBORAH WILLIAMS : CIVIL ACTION
:
v. :
:
STEPHANO BROTHERS REAL ESTATE : NO. 17-2053
INVESTMENT ASSOC. :

FILED MAY 10 2017
KATE BARKMAN, Clerk
By_____ Dep. Clerk

MEMORANDUM

BEETLESTONE, J.                                                                 MAY 9th, 2017

Plaintiff Deborah Williams brings this civil action against Stephano Brothers Real Estate Investment Associates ("Stephano Brothers") following proceedings in state court. For the following reasons, the Court will grant Williams leave to proceed *in forma paupeirs* and dismiss her complaint for lack of subject matter jurisdiction.

I.     FACTS

It appears that Stephano Brothers was Williams's landlord. The complaint and documents attached to the complaint reflect that Stephano Brothers initiated ejectment proceedings against Williams on the basis that she failed to pay rent. Although Williams alleges that she did in fact pay her rent, Stephano Brothers was successful in evicting her.

After losing in state court, Williams filed her complaint in this court. She alleges that "[i]n each court below, despite compelling evidence to the contrary of Stephano Brothers claim, the deck has been stacked against [her]." (Compl. ¶ III.C.) She asks this Court to "reverse the decisions of the lower court," return her rent, and award her additional damages. (*Id.* ¶ V.)

II.    STANDARD OF REVIEW

The Court grants Williams leave to proceed *in forma pauperis* because it appears that she is not capable of paying the fees to commence this civil action. As Williams is proceeding *in*

1

cc: legal, D. Williams

*forma pauperis*, the Court must screen her complaint to determine whether it is frivolous, malicious, fails to state a claim, or seeks relief from an immune defendant. *See* 28 U.S.C. § 1915(e)(2)(B). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Williams is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

Pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Based on that principle, the *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 166 (quotations omitted). Williams, who lost in state court, filed this action seeking reversal of the state courts' judgments because the state courts' rulings were allegedly incorrect. Accordingly, the Court lacks subject matter jurisdiction over this case because Williams is essentially seeking to appeal judgments entered against her in state court.[1]

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the complaint for lack of subject matter jurisdiction. As Williams cannot cure the jurisdictional defects in her claims, she will not be

---

[1] Even if the *Rooker-Feldman* doctrine did not apply, there is no basis for federal jurisdiction over this case. The complaint does not raise any issues of federal law and the parties are not citizens of different states. *See* 28 U.S.C. §§ 1331 & 1332.

2

given leave to file an amended complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate order follows.